FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 2 2 2008

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Gerald Sanders,<br>  Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action File<br>) No. 1 08-CV-3856-CC<br>) |
| M&M Waste, Inc.,<br>  Defendant. | )<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Gerald Sanders and hereby files this Complaint, showing the Court the following:

1.

This is an action for unpaid overtime compensation, liquidated damages, declaratory relief, costs, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

### JURISDICTION AND VENUE

2.

This Court has jurisdiction over the claims asserted in this Complaint pursuant to (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorizes individuals to bring civil actions in courts of appropriate jurisdiction to recover

damages for an employer's failure to pay overtime wages as required by the FLSA, and (b) 28 U.S.C. § 1331.

3.

Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b). At all times relevant herein, Defendant has been actively conducting business in the geographic area encompassing the Northern District of Georgia.

## THE PARTIES

4.

Plaintiff Gerald Sanders has been employed by Defendant as a truck driver during all or part of the three years preceding the filing of this Complaint.

5.

Defendant M&M Waste, Inc. is a Georgia Corporation authorized to transact business in the State of Georgia, and may be served through its registered agent National Registered Agents, Inc., located at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096. M&M Waste, Inc. is subject to the jurisdiction and venue of this Court.

6.

Defendant is an employer engaged in an enterprise subject to the requirements of the FLSA.

## FACTUAL BACKGROUND

7.

Defendant has employed Plaintiff during all or part of the three years preceding the filing of this Complaint.

8.

Based upon information and belief, at all times relevant to this suit, Defendant knew that it was required to pay overtime compensation at the rate of one and one-half times an employee's regular rate of pay to any employee who worked more than 40 hours during a work week, unless such employee was exempt from the overtime requirements of the FLSA.

9.

Plaintiff is not and has not been during the three years preceding the filing of this Complaint employed in a bona fide executive, administrative, or professional capacity within the meaning of the FLSA, and is not and has not been otherwise exempt from the overtime requirements of the FLSA.

10.

During all or part of the three years preceding the filing of this Complaint, Plaintiff regularly and consistently worked more than forty hours per work week with the knowledge of Defendant.

11.

Defendant has failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate for the overtime hours Plaintiff has worked during the three years preceding the filing of this Complaint.

## COUNT I

### VIOLATION OF FLSA OVERTIME REQUIREMENTS

12.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 11 above.

13.

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Defendant is, and was at all times relevant to this lawsuit, subject to the overtime-pay requirements of the FLSA, because it is and was an enterprise engaged in commerce and its employees are engaged in commerce.

14.

Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work in excess of forty hours in a work week one and one-half times the employee's regular rate of pay for the hours worked in the work week in excess of forty hours. Defendant is, and was at all times relevant to this lawsuit, subject to this requirement to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in a work week in excess of forty hours. Defendant violated § 7(a) of the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate for overtime hours worked during the three years preceding the filing of this Complaint.

15.

Plaintiff is entitled to damages equal to the amount of his unpaid overtime pay within the applicable statute of limitations, plus any periods of equitable tolling. Based upon information and belief, Defendant's failure to pay overtime was willful and in knowing disregard for its overtime obligations under the FLSA, such that a three-year statute of limitations is appropriate in this case. Additionally, Plaintiff is entitled to an award of liquidated damages in an amount equal to the amount of his unpaid overtime compensation, pursuant to Section

16(b) of the FLSA. Plaintiff also is entitled under Section 16(b) of the FLSA to attorney's fees and costs in bringing this action.

### DEMAND FOR JURY TRIAL

16.

Plaintiff demands a trial by jury.

### CERTIFICATE OF CONSENT

17.

Plaintiff has given written consent to participate as a party plaintiff in this action, as evidenced by the Certificate of Consent to Participate as a Party Plaintiff attached to and filed concurrently with this Complaint.

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant:

(a) in an amount to be proven at trial equal to unpaid overtime compensation mandated by 29 U.S.C. § 207(a);

(b) in an equal amount representing liquidated damages as provided under 29 U.S.C. § 216(b);

(c) for a declaration pursuant to 28 U.S.C. § 2201, et seq. that Plaintiff is an employee subject to all of the requirements of the FLSA, and is not exempt from the overtime requirements of the FLSA, and that Defendant willfully and

wrongfully violated its statutory obligations and deprived Plaintiff of his rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(d) for attorneys' fees and costs as provided under 29 U.S.C. § 216(b); and

(e) for such other relief as the Court deems just and proper.

Respectfully submitted this 22 day of December, 2008.

_____
Stephen A. Camp (Ga. Bar No. 105890)
scamp@trammellfirm.com
Robert T. Trammell, Jr. (Ga. Bar No. 715351)
bob@trammellfirm.com
Trammell Camp, LLC
P.O. Box 1011
Newnan, Georgia 30264
Tel:   (770) 502-0130
Fax:   (678) 884-9019

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF CONSENT
## TO PARTICIPATE AS A PARTY PLAINTIFF

Pursuant to Section 16(b) of the Fair Labor Standards Act, I, Gerald Sanders, hereby give my consent to participate as a party plaintiff in an action for overtime wages and other damages, compensation, and recovery against M&M Waste, Inc., and any related entities. I understand and agree that this lawsuit may or may not be brought as a collective action to recover monies owed to me as well as other, similarly situated employees. I have retained the law firm of Trammell Camp, LLP to represent me in this lawsuit.

_____  12-13-08
Gerald Sanders                Date

_____
GERALD SANDERS
(Print Name)